UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PEDRO BONET,

                                                          Plaintiff,

                                                                                                       <u>DECISION AND ORDER</u>

                                                                                                         99-CV-6492L

                                          v.

CAPTAIN S. KHAHAIFA, et al.,

                                                          Defendants.
_____

      Plaintiff, Pedro Bonet, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services, alleges various violations of his constitutional rights in connection with various events that occurred in 1996 and 1997, while plaintiff was confined at Attica Correctional Facility and Southport Correctional Facility.

      On January 10, 2002, the Court issued a Decision and Order that granted summary judgment in favor of two defendants, and denied summary judgment for defendants Susan Nolder, M. Corcoran and Donald Selsky. Dkt. #98. With respect to Corcoran and Selsky, I stated that "the Court d[id] not have the facts before it that would allow for a decision on the merits at th[at] time." Specifically, plaintiff's claim against Corcoran and Selsky alleged a denial of procedural due process in connection with a disciplinary hearing before Corcoran, who found plaintiff guilty of the charged

violations, and sentenced him to 180 days in the Special Housing Unit ("SHU") and the loss of 180 days of good-time credits. Selsky denied plaintiff's appeal from that decision.

Based on the rule that, when a litigant makes a constitutional challenge to a determination which affects the overall length of his imprisonment, the "sole federal remedy is a writ of habeas corpus," *see Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994), I stated that "because the Court d[id] not have the facts before it concerning plaintiff's circumstances and the effect this disciplinary sentence ha[d] on his good time credit status, both plaintiff's and defendants' motions on the due process issue [we]re denied." Dkt. #98 at 10. In so ruling, I noted that "if plaintiff has no remaining good time credits to lose because he has already lost all of his credits, the imposition of a sentence which includes lost good time credits will not affect the overall length of plaintiff's confinement." *Id.* (footnote omitted).

Defendants Corcoran and Selsky have now filed what they style as a motion for reconsideration of the Court's January 10, 2002 Decision and Order. In support of that motion–which is more accurately characterized as a renewal of their prior motion–defendants have submitted evidence that plaintiff has no good time left to lose, so that the 180-day penalty imposed by Corcoran would have no effect on the overall length of plaintiff's sentence. *See* Dkt. #111 Exs. A-C. Defendants contend that the Court may therefore proceed to consider plaintiff's due process claims on the merits. Plaintiff does not appear to dispute that assertion, and has filed papers responding to defendants' motion on the merits. Dkt. #117, #118.

**DISCUSSION**

**I. Protected Liberty Interest**

The law is well settled that to show a violation of his procedural due process rights, an inmate must establish interference with a protected liberty interest by satisfying a two-part test: (1) the confinement or restraint must create an "atypical and significant hardship in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); and (2) the state must have granted a liberty interest by statute or regulation to be free from that confinement or restraint. *Frazier v. Coughlin*, 81 F.3d 313, 317 (2$^d$ Cir. 1996) (citing *Sandin*, 515 U.S. at 484). Defendants in the case at bar contend that plaintiff's due process claims fail because he has not alleged facts showing that his 180-day confinement in SHU amounted to an atypical and significant hardship.

In determining whether a period of confinement meets the "atypical and significant hardship" prong of *Sandin*, "[r]elevant factors include both the conditions of segregation and its duration." *Iqbal v. Hasty*, 490 F.3d 143, 161 (2$^d$ Cir. 2007). The Second Circuit has held that "[a]ggregative sentences of 125-288 days are 'relatively long,' requiring a district court to articulate specific findings before determining whether such confinement is atypical or significant." *Taylor v. Rodriguez*, 238 F.3d 188, 195 (2$^d$ Cir. 2001) (citing *Sims v. Artuz*, 230 F.3d 14, 23 (2$^d$ Cir. 2000)); *accord Iqbal*, 490 F.3d at 161 ("When confinement is of an intermediate duration–between 101 and 305 days–'development of a detailed record of the conditions of the confinement relative to ordinary

prison conditions is required'") (quoting *Palmer v. Richards*, 364 F.3d 60, 64-65 (2$^d$ Cir. 2004)) (additional internal quotes omitted).

On a motion for summary judgment by defendants, it is the plaintiff's burden to make an initial showing of an atypical and significant hardship. *See, e.g.*, *H'Shaka v. Drown*, No. 03-CV-937, 2007 WL 1017275, at *10 (N.D.N.Y. 2007) (plaintiff failed to meet threshold burden of showing atypical and significant hardship); *cf. Johnson v. Greiner*, No. 03 Civ. 5276, 2007 WL 2049902, at *7 (plaintiff's affidavit stating that during his confinement in SHU, he was assaulted and orally abused by correction officers, was ordered to strip in front of a female guard, his personal property, including legal documents, were destroyed by officers, and he was deprived of the opportunity to participate in mandatory vocational, school and rehabilitation programs provided by the correctional facility, raised genuine issues of material fact concerning the atypicality of the conditions of his confinement in SHU).

Plaintiff has not met that burden. Neither in his papers in support of plaintiff's prior motion for summary judgment (which the Court denied), his papers in opposition to the original motion for summary judgment, nor his response to the renewed motion has plaintiff alleged facts or presented evidence to suggest that his 180-day confinement in SHU was in any way atypical or that it imposed a significant hardship on him. *See* Dkt. ##89-93, 117, 118. Accordingly, he has failed to show the existence of any genuine issues of material fact concerning whether he had a protected liberty interest in remaining free from SHU confinement. His due process claims therefore fail as a matter of law. *See Anderson v. Beaver*, 455 F.Supp.2d 228, 230 (W.D.N.Y. 2006) ("In his opposition to defendants' motion, plaintiff failed to submit any admissible evidence regarding the nature of the conditions of

his confinement. This is fatal to his claim"); *Durran v. Selsky*, 251 F.Supp.2d 1208, 1214 (W.D.N.Y. 2003) (granting summary judgment for defendant where "plaintiff ... failed to show any circumstances, other than the length of his confinement, to show that his confinement in SHU for ninety days was in any way atypical or a significant hardship in relation to the ordinary incidents of prison life," and "[t]he entire focus of his allegations [wa]s on the alleged due process violations in connection with the disciplinary hearing, not on the conditions of his confinement").

## CONCLUSION

The motion for reconsideration filed by defendants Corcoran and Selsky (Dkt. #111), which the Court treats as a renewal of defendants' prior motion for summary judgment (Dkt. #73), is granted, and plaintiff's claims against Corcoran and Selsky are dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 19, 2007.